IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT SIMMONS, | ) | 1:06-cv-01229-LJO-DLB-P |
| Plaintiff, | ) | |
| vs. | ) | **FINDINGS AND RECOMMENDATIONS** |
| | ) | **RE DISMISSAL OF ACTION** |
| M. THEMINS, et al., | ) | (Doc. 14) |
| Defendants. | ) | |

Plaintiff, Robert Simmons ("plaintiff"), is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 17, 2007, the court issued an order requiring plaintiff to complete and return the attached Notice of Submission of Documents form, together with completed summons, one completed USM-285 form for each defendant, and two copies of the endorsed complaint filed October 13, 2006, within thirty (30) days from the date of service of that order.  The thirty-day period has passed, and plaintiff has failed to comply with or otherwise respond to the court's order.

//

1      Local Rule 11-110 provides that "failure of counsel or of a
2 party to comply with these Local Rules or with any order of the
3 Court may be grounds for the imposition by the Court of any and all
4 sanctions . . . within the inherent power of the Court." District
5 courts have the inherent power to control their dockets and "in the
6 exercise of that power, they may impose sanctions including, where
7 appropriate . . . dismissal of a case." Thompson v. Housing Auth.,
8 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action,
9 with prejudice, based on a party's failure to prosecute an action,
10 failure to obey a court order, or failure to comply with local
11 rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir.
12 1995)(dismissal for noncompliance with local rule); Ferdik v.
13 Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for
14 failure to comply with an order requiring amendment of complaint);
15 Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for
16 failure to comply with local rule requiring pro se plaintiffs to
17 keep court apprised of address); Malone v. U.S. Postal Service, 833
18 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with
19 court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.
20 1986)(dismissal for failure to lack of prosecution and failure to
21 comply with local rules).

22      In determining whether to dismiss an action for lack of
23 prosecution, failure to obey a court order, or failure to comply
24 with local rules, the court must consider several factors: (1) the
25 public's interest in expeditious resolution of litigation; (2) the
26 court's need to manage its docket; (3) the risk of prejudice to the
27 defendants; (4) the public policy favoring disposition of cases on
28 their merits; and, (5) the availability of less drastic

1 alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at
2 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;
3 Ghazali, 46 F.3d at 53.
4      In the instant case, the court finds that the public's
5 interest in expeditiously resolving this litigation and the court's
6 interest in managing the docket weigh in favor of dismissal.  The
7 third factor, risk of prejudice to defendants, also weighs in favor
8 of dismissal, since a presumption of injury arises from the
9 occurrence of unreasonable delay in prosecuting an action.
10 Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth
11 factor -- public policy favoring disposition of cases on their
12 merits -- is greatly outweighed by the factors in favor of
13 dismissal discussed herein.  Finally, a court's warning to a party
14 that his failure to obey the court's order will result in dismissal
15 satisfies the "consideration of alternatives" requirement.  Ferdik
16 v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson,
17 779 F.2d at 1424.  The court's order of October 17, 2007, expressly
18 stated: "The failure to comply with this order will result in a
19 recommendation that this action be dismissed."  Thus, plaintiff had
20 adequate warning that dismissal would result from non-compliance
21 with the court's order.
22      Accordingly, the court HEREBY RECOMMENDS that this action be
23 DISMISSED based on plaintiff's failure to obey the court's order of
24 October 17, 2007.
25      These Findings and Recommendations are submitted to the United
26 States District Judge assigned to the case, pursuant to the
27 provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days**
28 after being served with these Findings and Recommendations,

3

1  plaintiff may file written objections with the court.  Such a
2  document should be captioned "Objections to Magistrate Judge's
3  Findings and Recommendations."  Plaintiff is advised that failure
4  to file objections within the specified time may waive the right to
5  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
6  (9th Cir. 1991).
7       IT IS SO ORDERED.
8       **Dated:   December 27, 2007**              **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

4